# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ZGRILLS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:25-cv-4086 |
| AMERICAN OUTDOOR BRANDS, INC. d/b/a GRILLA GRILLS, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff ZGRILLS, Inc., ("Z Grills") alleges as follows against Defendant American Outdoor Brands, Inc. d/b/a Grilla Grills ("AOB"):

## THE PARTIES

1. Z Grills is a California corporation having an address of 2625 E. Cedar Street, Ontario, California 91761.

2. Upon information and belief, AOB is a Delaware corporation having an address of, and principal place of business at, 1800 N Route Z, Columbia, Missouri 65202. Upon further information and belief, AOB is the owner of the Grilla Grills brand and does business as and/or promotes, markets, and sells the products described herein under the Grilla Grills brand name throughout this District and the United States.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*, the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*, and the common law of Missouri. Z Grills seeks monetary damages and injunctive relief herein. This Court has jurisdiction

over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367(a) and 15 U.S.C. § 1121. The Court has original subject matter jurisdiction over Count I pursuant to 28 U.S.C. §§ 1331 and 1338. The Court has original subject matter jurisdiction over Count II pursuant to 28 U.S.C. §§ 1331 and 15 U.S.C. § 1121. The Court has supplemental jurisdiction over Count III pursuant to 28 U.S.C. § 1367(a), as this Count is so related to Counts I and II, over which the Court has original subject matter jurisdiction, that it forms part of the same case or controversy under Article III of the United States Constitution.

4. AOB is subject to personal jurisdiction in this District and is subject to this Court's specific and general jurisdiction, pursuant to due process, on the grounds that it resides in this District and/or the State of Missouri; has committed acts of patent and trademark infringement in this District and the State of Missouri; and regularly conducts and/or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from the sale of services to persons or entities in this District and in the State of Missouri.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b). A substantial part of the events giving rise to the claims occurred within this District. Additionally, AOB resides in this District, is subject to personal jurisdiction in this District, and/or has committed acts of infringement and has a regular and established place of business in this District.

**FACTUAL BACKGROUND**

6. Z Grills, itself and through its predecessors, has a long manufacturing history and has been manufacturing pellet grills for multiple industry-leading pellet grill brands for many years.

7. In 2016, Z Grills launched its own brand of pellet grills. Z Grill's pellet grills incorporate its many years of grill manufacturing experience.

8. Casual grillers and grilling enthusiasts alike are drawn to Z Grills' pellet grills because of their distinctive and attractive design, ease of use, premium materials, high-quality manufacture, versatility, value, and customer service.

9. Z Grills has earned numerous industry awards, including being named as one of Forbes' "Best Grills." It has also received awards from publications like Consumer Reports, NBC News, and Gear Patrol.

10. Z Grills sells its products on its own website (www.zgrills.com) and through many online and brick-and-mortar retailers, including but not limited to Walmart, Amazon, Sears, Lowe's, The Home Depot, Target, Kroger, eBay, and more.

11. Z Grills is the owner of a portfolio of patents covering its pellet grills. In particular, Z Grills is the legal owner of U.S. Patent No. D790,901 ("the '901 Patent"), which is titled "BARBECUE OVEN." The '901 Patent was duly and legally issued on July 4, 2017, and is valid.

12. The '901 Patent has a single claim that covers the ornamental features of a barbecue oven as shown and described in the figures incorporated into the '901 Patent. Z Grills is the assignee and owner of all right, title, and interest in and to the '901 Patent, including the right to assert all causes of action arising under the patent and the right to any and all remedies for infringement of it. A true and correct copy of the '901 Patent is attached hereto as **Exhibit A**.

13. Figure 1 of the '901 Patent, which shows a front perspective of the barbecue oven, is representative and depicted below:



14. A number of Z Grills' pellet grills embody and have embodied the design of the '901 Patent, or a similar design, including but not limited to Z Grills' 700-Series of pellet grills. Z Grills' 700-Series grills, first sold in or around 2016 and sold continuously since that time, are an iconic staple in Z Grills' product line-up.

15. The Z Grills 700-Series products embody a distinctive appearance, including a unique and non-functional combination of at least: (a) a barrel-shaped grill space; (b) a symmetrical two-door cabinet base supporting the grill; (c) a pellet hopper/box with a top portion angling outward on three sides, located on one side of the grill space; and (d) an elbow joint chimney with a conical cap, located on an opposite side of the grill space (the "Z Grills Trade Dress").

16. These design elements are ornamental and serve to distinguish Z Grills' grills. They are not required for any utilitarian purpose, as numerous alternative grill designs (e.g., grills with egg or angular shaped grill spaces, open leg stands, differently shaped hoppers or no cabinet, etc.)

perform the same cooking functions. Moreover, the issuance of the '901 Design Patent for Z Grills' grill design evidences that the design is ornamental (non-functional) in nature.

17. All of the elements of the Z Grills Trade Dress are visible in, for example, the Z Grills ZPG-700E product (below). Over and above the '901 Patent, these distinctive, non-functional elements in configuration together signify to consumers that Z Grills is the origin of the product.



18. Z Grills has sold significant quantities of its 700-Series grills across the United States—both online and through prominent brick and mortar retailers—since its introduction in or around 2016, establishing widespread and continuous exposure of the Z Grills Trade Dress to consumers. Z Grills has also invested significantly in the marketing and promotion of its 700-Series grills and the Z Grills Trade Dress.

19. Through years of consistent use, sale, and promotion by Z Grills, the Z Grills Trade Dress has acquired distinctiveness, and consumers have come to recognize the Z Grills Trade Dress and favorably associate it with Z Grills as an indicator of the source of Z Grills' grill products. Z Grills owns valuable goodwill through, and symbolized by, the trade dress.

20. AOB is also engaged in the creation, manufacture, and distribution of pellet grills.

21. Upon information and belief, Grilla Grills was founded in 2015. Upon information and belief, AOB acquired Grilla Grills in 2022 and assumed some or all of its prior liabilities.

22. AOB, through and doing business as Grilla Grills, directly competes with Z Grills in the United States in the pellet grill market, targeting the same consumers through similar marketing channels.

23. Among other products, AOB has previously made and currently makes, sells, offers to sell, and/or imports the Silverbac Wood Pellet Grill Alpha, both with and without Wi-Fi connectivity (the "Silverbac Alpha"), via at least the website www.grillagrills.com and showrooms. The Silverbac Alpha is depicted below (and at https://www.grillagrills.com/product/4000101):



24. As shown below, the appearance of the Silverbac Alpha (right) is substantially similar to, if not an exact copy of, the design claimed in the '901 Patent (left):





25. An ordinary observer or purchaser would find the overall design of the '901 Patent and Silverbac Alpha substantially similar and mistakenly purchase the Silverbac Alpha thinking it to be the Z Grills patented design. Indeed, an ordinary observer or purchaser would find no discernible differences between the Silverbac Alpha and the design claimed in the '901 Patent.

26. As shown below, the appearance of the Silverbac Alpha (right) is also substantially similar to, if not an exact copy of, the design of the Z Grills' 700-Series grills and the Z Grills Trade Dress embodied therein (left), as the Silverbac Alpha incorporates the same combination of features as the Z Grills Trade Dress, including at least a barrel-shaped grill space, a symmetrical two-door cabinet base, a pellet box with a top portion angling outward on three sides, and an elbow joint chimney with a conical cap.



27. The striking similarity of AOB's Silverbac Alpha grill to Z Grills' established design is not coincidence—it reflects AOB's intent to capitalize on the consumer goodwill Z Grills has built in that design. This also further reinforces that the Z Grills Trade Dress serves as a distinctive source identifier for Z Grills in the minds of consumers.

28. AOB's unauthorized appropriation of the Z Grills Trade Dress has caused and, unless enjoined by the Court, is likely to continue to cause confusion (including post-sale and initial interest confusion), mistake, and/or deception among consumers as to affiliation, connection, or association by creating the false impression that goods provided by AOB are provided, authorized, or endorsed by, or in some manner associated with, Z Grills, or vice versa.

29. AOB currently markets, offers for sale, and sells the Silverbac Alpha in the United States in direct competition against Z Grills's products. Z Grills has lost and will continue to lose customers, sales, and goodwill to AOB as a result of AOB's infringement of the '901 Patent and the Z Grills Trade Dress.

30. AOB's infringement through the importation, manufacture, use, sale, and/or offer to sell the Silverbac Alpha has injured, is injuring, and will continue to cause irreparable injury to Z Grills if AOB is not preliminarily and permanently enjoined.

31. AOB was on notice of the '901 Patent and Z Grills' allegations of infringement prior to this lawsuit. AOB, through its own actions or those of its predecessors, knew or should have known that its actions constitute infringement of the '901 Patent, yet AOB has continued in its infringement. In addition, Z Grills notified AOB of the '901 Patent and AOB's infringement of the same in writing at least as early as January 23, 2023, and yet AOB has continued in its infringement since that time. Thus, AOB's infringement of the '901 Patent is intentional, willful, and malicious, and this case is exceptional under 35 U.S.C. § 285. For the same reasons, AOB's infringement of the Z Grills Trade Dress is intentional, willful, and malicious, and this case is also exceptional under 15 U.S.C. § 1117.

## COUNT I
### (Infringement of U.S. Patent No. D790,901)

32. Z Grills incorporates by reference all previous allegations as though set forth fully herein.

33. AOB has infringed and continues to infringe, literally and/or under the doctrine of equivalents, the claim of the '901 Patent under 35 U.S.C. §§ 271 and 289 by making, using, offering to sell, selling, and/or importing into the United States at least the Silverbac Alpha identified above, which embodies the patented invention disclosed in the '901 Patent and practices the claim of the '901 Patent.

34. AOB's infringing acts are without license or authorization from Z Grills.

35. The design of the Silverbac Alpha so closely resembles the invention disclosed and claimed in the '901 Patent that an ordinary observer would be deceived into purchasing the Silverbac Alpha in the mistaken belief that it is the invention disclosed in the '901 Patent.

36. As a direct and proximate result of AOB's infringement of the '901 Patent, Z Grills has suffered and will continue to suffer injury for which it is entitled to damages under 35 U.S.C. § 284 adequate to compensate it for such infringement, in an amount to be proven at trial, as well as enhanced damages. Z Grills's damages include its lost profits but are in no event less than a reasonable royalty. As an additional remedy for AOB's infringement of the '901 Patent, Z Grills is entitled to recover AOB's total profits from its sale of the Silverbac Alpha, but not less than $250 for each article of manufacture or any colorable imitation thereof to which AOB applied the patented design or which AOB sold or exposed for sale and to which such design or colorable imitation has been applied, under 35 U.S.C. § 289.

37. As a direct and proximate result of AOB's infringement of the '901 Patent, Z Grills has also suffered irreparable injury for which it has no adequate remedy at law. Unless AOB is permanently enjoined from further infringement of the '901 Patent, Z Grills will continue to suffer irreparable injury and impairment of the value of its patent rights.

38. AOB's actions described above occurred with notice of the '901 Patent and Z Grills' allegations and therefore constitute willful infringement, entitling Z Grills to enhanced damages and profits pursuant to 35 U.S.C. § 284, costs, and attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT II
### (Federal Unfair Competition as to Z Grills Trade Dress)

39. Z Grills incorporates by reference all previous allegations as though set forth fully herein.

40. The Z Grills Trade Dress in unique, non-functional, and has acquired secondary meaning.

41. AOB's appropriation of or use of confusingly similar imitation(s) of the Z Grills Trade Dress—in and through at least the Silverbac Alpha grill—has caused and is likely to cause confusion (including post-sale and initial interest confusion), mistake, and/or deception among consumers as to affiliation, connection, or association by creating the false impression that goods provided by AOB are provided, authorized, or endorsed by, or in some manner associated with, Z Grills, or vice versa.

42. AOB has made false representations, false descriptions, and false designations of origin of its goods, and its actions otherwise constitute unfair competition, in violation of 15 U.S.C. § 1125(a).

43. AOB's actions have caused and, unless enjoined by the Court, will continue to cause substantial and irreparable harm to Z Grills and its valuable goodwill in the Z Grills Trade Dress for which there is no adequate remedy at law.

44. AOB's continuing unlawful acts described above demonstrate an intentional, willful, and malicious intent to trade on the valuable goodwill associated with the Z Grills Trade Dress.

45. Z Grills is entitled to preliminary and permanent injunctive relief and to recover, in addition to its actual damages, AOB's profits, enhanced profits and damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1116 and 1117.

### COUNT III
**(Common Law Unfair Competition)**

46. Z Grills incorporates by reference all previous allegations as though set forth fully herein.

47. The Z Grills Trade Dress in unique, non-functional, and has acquired secondary meaning.

48. AOB's appropriation of or use of confusingly similar imitation(s) of the Z Grills Trade Dress—in and through at least the Silverbac Alpha grill—has caused and is likely to cause confusion (including post-sale and initial interest confusion), mistake, and/or deception among consumers as to affiliation, connection, or association by creating the false impression that goods provided by AOB are provided, authorized, or endorsed by, or in some manner associated with, Z Grills, or vice versa.

49. AOB has made false representations, false descriptions, and false designations of origin of its goods, and its actions otherwise constitute unfair competition, in violation of the common law of the State of Missouri.

50. AOB's actions have caused and, unless enjoined by the Court, will continue to cause substantial and irreparable harm to Z Grills and its valuable goodwill in the Z Grills Trade Dress for which there is no adequate remedy at law.

51. AOB's continuing unlawful acts described above demonstrate an intentional, willful, and malicious intent to trade on the valuable goodwill associated with the Z Grills Trade Dress.

52. Z Grills is entitled to preliminary and permanent injunctive relief and to recover, in addition to its actual damages, AOB's profits, enhanced profits and damages, costs, and attorney's fees.

## **REQUEST FOR RELIEF**

WHEREFORE, Z Grills respectfully prays for the following relief against AOB:

A. A judgment that AOB has infringed one or more of the claims of the '901 Patent and/or the Z Grills Trade Dress;

B. A preliminary and permanent injunction enjoining AOB and its officers, directors, employees, agents, representatives, parent companies, subsidiaries, and affiliates, and all persons acting in active concert or participation therewith, from engaging in any continued infringement of the '901 Patent and/or the Z Grills Trade Dress or confusingly similar imitations of the same;

C. An award of all damages to which Z Grills is entitled under 35 U.S.C. § 284 and/or 15 U.S.C. § 1117, as well as common law, for all past and continuing infringement, including but not limited to all actual damages, lost profits, and/or reasonable royalties, and an order requiring a full accounting of the same;

D. An award of enhanced damages in accordance with the provisions of 35 U.S.C. § 284 and/or 15 U.S.C. § 1117 as a result of AOB's knowing and willful infringement;

E. An award of damages to Z Grills equal to AOB's total profits from the sale of the Silverbac Alpha, but not less than $250 for each article of manufacture or any colorable imitation thereof to which AOB applied the patented design or which AOB sold or exposed for sale and to which such design or colorable imitation has been applied, pursuant to 35 U.S.C. § 289;

F. An award of damages to Z Grills equal to AOB's total profits from the sale of the Silverbac Alpha and all products embodying the Z Grills Trade Dress or confusingly similar imitations of the same, pursuant to 15 U.S.C. § 1117.

G. An award of punitive damages under the common law of Missouri;

H. A finding that this case is exceptional under 35 U.S.C. § 285and/or 15 U.S.C. § 1117 and an award of all of the attorneys' fees incurred by Z Grills in this action;

I. An assessment of interest, both pre- and post-judgment, on the damages awarded;

J.  An award of costs incurred by Z Grills in bringing and prosecuting this action; and

K.  Any other and further relief that the Court deems just and proper.

## JURY TRIAL DEMAND

Under Fed. R. Civ. P. 38(b), Z Grills hereby demands a jury trial on all issues so triable.

Dated: April 28, 2025

Respectfully submitted,

LATHROP GPM LLP

By: */s/ Travis W. McCallon*
Travis W. McCallon, MO # 56979
Timothy J. Hadachek, MO # 70985
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Telephone: (816) 292-2000
Facsimile: (816) 292-2001
travis.mccallon@lathropgpm.com

*Attorneys for Plaintiff*

63427582v4